STEPHEN A. MACMAHON, Respondent, *v.* JOSEPH E. SIMON, Appellant, Impleaded with SAUL S. MYERS and Others.

*Fraud — inducing intoxication — demurrer — right to answer over.*

Appeal from an order, bearing date the 31st day of August, 1908, granting a judgment against the defendant Joseph E. Simon upon his demurrer to the complaint as frivolous.

PER CURIAM: While this complaint contains much irrelevant matter, and there is a somewhat confused statement of the material facts, there is clearly a cause of action for damages based upon the conspiracy between the defendants to defraud the plaintiff by inducing intoxication and obtaining from him while in an unconscious condition as the result of such intoxication a transfer of his interests in the corporation. It is clear, therefore, that the demurrer was frivolous. We think, however, that the defendant should have been allowed to answer the complaint. The order appealed from is, therefore, modified by adding thereto a clause allowing the defendant to withdraw the demurrer and answer the complaint within twenty days after the service of a copy of the order of this court upon payment of the costs of the action, and ten dollars costs of the motion for judgment, and as modified affirmed, without costs to either party on this appeal. Present — Patterson, P. J., Ingraham, Laughlin, Clarke and Scott, JJ. Order modified as directed in opinion, and as modified affirmed, without costs of this appeal.

---

In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., to All Such Real Estate and to Any Right, Title and Interest Thereunder, Not Owned by the City of New York, Which Shall Be Embraced Within the Lines of Riverside Drive and Parkway, etc., from One Hundred and Thirty-fifth Street to Boulevard Lafayette, etc. JOHN P. O'BRIEN and Others, as Commissioners of Estimate and Assessment, Appellants.

*Eminent domain — New York city — commissioners to determine awards — fees — duty of commissioners to proceed speedily and not unnecessarily delay proceedings to increase fees.*

Order affirmed, with ten dollars costs and disbursements, on the opinion of the court below. Present — Ingraham, McLaughlin, Clarke, Houghton and Scott, JJ. The following is the opinion of the court below:

DOWLING, J.: Matter of Riverside Drive and Parkway, from One Hundred and Thirty-fifth street to Boulevard Lafayette (application to tax costs). The commissioners in this proceeding were appointed by the Supreme Court on March 13, 1900. On or about December 9, 1902, they completed their labors in so far as making awards was concerned. For the services so rendered during the period ending November 29, 1902, they received an aggregate in fees and additional allowances of $27,200. They then devoted four years and five months of elapsed time to the preparation of a preliminary report as to assessments, wherein they were assisted by an engineer employed by the city at an agreed compensation of $10 per day. In the performance of such duties

the commissioners refused to accept the services and assistance of the com-
puters in the employ of the bureau of street openings, usually assigned to the
largely clerical function of making the computations, and who are paid monthly
salaries by the city. The commissioners themselves insisted on personally mak-
ing the computations. For their services for the period commencing November
9, 1902, and ending June 10, 1907, the commissioners received in the aggregate
for fees and additional allowances the sum of $72,860. The engineer during the
same period has received the sum of $13,390 for services in assisting them. For
their services from June 10, 1907, to March 14, 1908, the commissioners now ask
for the taxation of their costs in the aggregate amount of $5,820, besides an extra
allowance, and the engineer asks for the sum of $2,020. During the period in
question the commissioners held various sessions, upon which their claims are
based. From an examination of the record and of the affidavits I have prepared
the following summary showing the character of the work, if any, done on the
various dates set forth and the purposes as alleged of the different sessions. Ses-
sions are claimed to have been held entirely devoted to the taking of testimony,
numbering in all five; sessions are claimed to have been held partly devoted to
the taking of testimony and partly to the consideration in executive session of
the objections and testimony, numbering in all two; sessions are claimed to have
been held partly devoted to the taking of testimony and partly to the hearing of
objections, numbering in all three; sessions are claimed to have been held partly
devoted to the hearing of argument on objections and partly to the consideration
of objections and testimony in executive session, numbering in all fifteen; ses-
sions are claimed to have been devoted to the hearing of objections numbering
in all nineteen; adjournments were had, as shown by the minutes, when the
applicants claim that the same are erroneous and that executive sessions were in
fact held, numbering in all six; executive sessions are claimed to have been held
following the failure of objecting parties to appear and testify, numbering in all
twenty-eight, and sessions are claimed to have been held devoted entirely to the
consideration in executive session of the objections and testimony, numbering in
all one hundred and thirty-two. The testimony taken during this entire period
covers some four hundred and fifty-five typewritten pages of the minutes in all.
I have examined the record covering the dates from June 11, 1907, to March 14,
1908, inclusive. I have also examined the papers submitted on the prior appli-
cations for additional allowances herein, upon which orders were made herein on
May 1, 1906, and July 2, 1907. It is but fair to say that the city's legal repre-
sentatives have steadily and vigorously resisted every application for additional
allowances and for costs heretofore made, as they are now opposing the present
one. In the opposing affidavit the city alleges that the commissioners have
assessed the property affected, as well as the city, an aggregate of $1,649,938.60
in excess of the total cost and expense of the proceeding, in violation of stat-
ute.* The natural effect of this has been to increase the number of the objecting
parties, as well as the vigor of their opposition, and to prolong the proceeding
unnecessarily. The commissioners do not deny that in some way they levied a
larger sum by way of assessment than was required, but their reply is that the

* See Laws of 1897, chap. 665, § 5.— [REP.

reduction of the assessment to a proper amount can be accomplished by scaling it down uniformly by a fixed percentage, which they claim will be purely a clerical operation, neither costly nor prejudicial. Presumably this work is to be done by the computers, whose assistance the applicants refused to avail themselves of when they insisted on making the computations themselves. The city claims that as a result of the delay caused by the commissioners' method of procedure there has been a loss of interest to the city for upwards of five years on a sum in excess of $1,500,000. There is no claim that the commissioners have been guilty of any fraud or corrupt practices, but it is claimed that their deliberations have been unduly and unjustifiably prolonged. While they should be compensated for services actually rendered for the period in question, so far as the same were necessary and proper, no adequate necessity appears for the extraordinary number of executive sessions claimed to have been held by them. I have examined the record carefully and have reached the conclusion that the commissioners under no possible theory have earned more than the amount chargeable for costs for sessions on the following days: (a) Those whereon they took testimony, viz., November 27, December 19 and 31, 1907, January 8 and 17, 1908, making five in all; (b) those whereon objections were heard, viz., June 11, 12, 13, 14, 17, 18, 19, 24, 25, 26, 29, July 10, October 17, December 2, 17, 18, 23, 1907, January 7 and 28, 1908, making nineteen in all; (c) those whereon testimony was taken and objections were heard, viz., December 4 and 30, 1907, and January 15, 1908, making three in all; (d) those devoted in part to the taking of testimony, viz., July 26 and December 11, 1907, making two in all; (e) those devoted in part to the hearing of argument on objections, viz., June 28, July 9, 18 and 25, September 16, November 18, December 6, 10 and 16, 1907, January 13, 14, 24, February 14, 27, March 12, 1908, making fifteen in all. This makes a total of forty-four sessions. Allowance has been made for these various sessions on the ground that they were held in good faith, were necessary, and occupied a sufficient period of time to justify the allowance, because the commissioners have made affidavits that sustain this contention, while the city's opposing affidavit does not set forth the actual time devoted on each day. It is, however, apparent from the inspection of the minutes themselves that much of the so-called argument on objections could have occupied but a short time; much of it is a dialogue rather than an argument. Many days will be found when, even after entering at length upon the record objections in writing filed by attorneys, the whole proceedings are embraced in four or five typewritten pages. The compensation awarded commissioners is to recompense them for services actually rendered, and the city is entitled to have proceedings speedily terminated, and not unnecessarily and unjustifiably prolonged to provide an excuse for fees. Nor can commissioners by mistakes or other means encourage opposition and profit by the result. Based on the actual attendance of the applicants at these sessions, as shown by the minutes, the following sums and no more will be awarded to the respective commissioners: To Frank R. Houghton, $440 (he having attended all the sessions); to John P. O'Brien, $430 (he having been absent on June eleventh); to John J. Ryan, $370 (he having been absent June eleventh, thirteenth, fourteenth, seventeenth, eighteenth, twenty-

fourth and September sixteenth.) No ground whatever is shown for the compensation asked for the engineer, Waters, nor does the necessity for his continued daily service to the commissioners appear, and, therefore, his application for the sum of $2,020 is denied. The city's items of disbursements will be taxed as submitted. Settle order on notice.

———

Elizabeth Logan, Respondent, v. Andrew Logan, Appellant.— Judgment affirmed, with costs. No opinion.